SMITH SCOW CORP., as owner of THE scow FRED SMITH, Libellant-Appellant,

v.

CONSOLIDATED IRON & METAL CO., Respondent-Appellee.

No. 211, Docket 25934.

United States Court of Appeals Second Circuit.

Argued Feb. 9, 1960.

Decided March 9, 1960.

Frank C. Mason, Mahar & Mason, New York City, for libellant-appellant.

Robert E. Curran, New York City, for respondent-appellee.

Before MOORE, Circuit Judge, and SMITH and HERLANDS, District Judges.

### J. JOSEPH SMITH, District Judge.

This is an appeal in admiralty from a final decree entered in the District Court for the Southern District of New York dismissing the libel upon findings of fact and conclusions of law made by Judge Palmieri. The libel claimed damages for twisting of a scow and damage to its bottom claimed to have been sustained by grounding at respondent's Newburgh dock, where it was loaded with scrap iron for delivery to New York City.

Libellant's scow was loaded with 700 tons of baled scrap iron at defendant's dock at Newburgh, New York, between August 23 and August 26, 1957. She delivered the cargo at New York. On September 13th on survey at a shipyard at College Point she was found to be twisted and to have a number of broken and gouged bottom planks. The scow was 116.7 feet long, 34 feet beam, with a draft light of between 2½ and 3 feet and when loaded, approximately 10 feet. She had a capacity of 550 to 600 tons. It was libellant's claim that the berth was shallow and that the nature of the injuries to the barge, plus testimony that scrap was sometimes dropped by the loading cranes in the berth, that she was aground alongside the dock and started to leak thereafter, compels an inference that there were scrap bales or heavy scrap pieces in the berth, making it unsafe and that the unsafe condition of the berth caused her damage. The principal difficulty with libellant's claims is that they assume the credibility of favorable testimony and ignore the existence of contrary testimony as to the conditions at the dock and ignore the conflict in testimony as to the apparent age of the breaks found in September. The trial court found the libellant's principal witness, the bargee, Captain Joe, unworthy of belief. The judge observed him on the stand and the weight given to his testimony is hardly reviewable here, particularly when inconsistent in part and lacking in corroboration in such matters as the claimed report to the owner of damage at the time. Wilson v. U. S., 2 Cir., 229 F.2d 277; Martin v. Morse Boulger Destructor Co., 2 Cir., 256 F.2d 675. The respondent had the duty of using reasonable care to provide a safe berth. The Eastchester, 2 Cir., 20 F.2d 357, 358. The court found affirmatively on competent evidence including that of Laskin, treasurer of respondent, as to frequent checking of the bottom with poles, that the depth of water in the berth was 10 feet at low tide and 14 feet at high tide; and that the bottom was not shown to be hard or irregular. No lack of reasonable care to make the berth safe was shown.

It was libellant's burden to establish the cause of the damage. Gulf Oil Corp. v. The Patsy Chotin, D.C.E.D.Ky.1955, 131 F.Supp. 489, 491. This, it failed to do. There was a conflict of evidence as to the age of the injuries at the time of the survey in September, one of libellant's own experts placing it at six weeks to two months before September 13, 1957, which testimony was credited by the court. The court was justified in holding that the libellant had failed to prove either that the damage was caused by respondent on August 26, or that the scow was seaworthy prior to the loading at respondent's berth.

Libellant attacks the court's holding that respondent was not responsible for overloading. This attack must fail for at least two reasons, that there was no

credible evidence that respondent had any notice of the claimed load limit, Captain Joe's testimony having been discredited, and no evidence from which the court was required to find that the claimed overloading caused the damage.

Essentially, the case turned on Judge Palmieri's resolution of factual issues, amply justified by the record here. Affirmed.